1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

BARBARA CAMPBELL, an individual,

Case No. C24-711-RSM

9
                                    Plaintiff,

ORDER GRANTING MOTION TO
DISMISS

10
            v.

11
DELL TECHNOLOGIES, INC., a Delaware
12
corporation; CHAD BOPE, an individual;
and TODD LIEB, an individual,

13
                                    Defendants.

14

15

16
## I.    INTRODUCTION

17
    This matter come before the Court on Defendants Dell Technologies, Inc. ("Dell"), Chad

18
Bope, and Todd Lieb (collectively, "Defendants")' Motion to Dismiss.  Dkt. #6.  Plaintiff has

19
filed a Response.  Dtk. #8.  No party has requested oral argument.  For the reasons stated below,

20
the Court GRANTS Defendants' Motion.

21
## II.    BACKGROUND

22
    For the purposes of this Motion, the Court accepts all facts stated in the Complaint, Dkt.

23
#1-4, as true.  The Court will focus only on those facts relevant to the instant Motion.  All facts

24
below come from this pleading unless otherwise stated.

ORDER GRANTING MOTION TO DISMISS - 1

Plaintiff is a resident of Washington.   Defendant Dell is a Delaware corporation. Defendant Chad Bope is a resident of Texas.   Defendant Todd Lieb is a resident of Massachusetts.

Plaintiff has worked in the technology industry for over four decades.   Plaintiff alleges she is a respected figure in her professional community.   Plaintiff alleges that she only left her prior workplace on Dell's assurance of employment, whom she was recruited by in March 2022. After her termination of employment at Dell, Plaintiff alleges that Defendants Bope and Lieb engaged in a smear campaign against Plaintiff, tarnishing her reputation and interfering with her ability to seek other work.   Plaintiff states that, between December 12, 2023, and January 11, 2024, Plaintiff engaged in the interview process with a different company, Equinix.   However, "on information and belief," Dkt. #1-4 at ¶ 4.12.   Plaintiff alleges that Defendants knew of her application to Equinix and interfered with her hiring process, causing Equinix to abruptly drop her from consideration.   Plaintiff alleges that Defendants' actions have caused her inability to find other employment due to Defendants' "factual statements regarding Plaintiff's professional capabilities and accomplishments which were false and negligently and/or intentionally tarnished her reputation."   *Id*. at ¶ 4.5.

Plaintiff alleges causes of action for defamation, defamation per se, and intentional interference with economic relations.

### III.   DISCUSSION

#### A.   Legal Standard

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party.   *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555

(2007)).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678.  This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Absent facial plausibility, a plaintiff's claims must be dismissed.  *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B.    Analysis**

**a.    Defamation and Defamation Per Se**

Under Washington law, a plaintiff must show "(1) a false statement; (2) lack of privilege; (3) fault; and (4) damages" to allege claims of defamation or defamation per se. *Phillips v. World Pub. Co.*, 822 F. Supp. 2d 1114, 1118 (W.D. Wash. 2011) (quoting *Herron v. KING Broadcasting Co.*, 112 Wn.2d 762, 768 (1989).  To establish falsity, a plaintiff must show the statement was "provably false." *Id*. (quoting *Schmalenberg v. Tacoma News, Inc.*, 87 Wn.App. 579, 590-91 (1997).   "'Expressions of opinion are protected by the First Amendment' and are 'not actionable.'" *Id*. (quoting *Robel v. Roundup Corp.*, 148 Wn.2d 35, 55 (2002).

Defendants argue that Plaintiff "pleads only a generic allegation of defamation in a conclusory manner" and fails to provide to provide the specificity and particularity needed to bring these claims. Dkt. #6 at 3-5.  Plaintiff contends that her pleading is not merely a formulaic recitation of the elements but "provide[s] the necessary information required . . . including who

made the false statements, when, the nature of the false statements and their impact on Plaintiff's reputation and employment prospects." Dkt. #8 at 7.

The Court agrees with Defendants. While Plaintiff names two specific persons, Defendants Bope and Lieb, who allegedly defamed Plaintiff by making "false statements about her professional capabilities and accomplishments after her termination[,]" but Plaintiff provides no information regarding what was possibly said or anything showing the provable falseness of the alleged statements other than she believes their statements tarnished her reputation and chances of employment. Dkt. #8 at 7. Plaintiff's Complaint involves a time period between Plaintiff's termination of employment with Dell and a hiring opportunity with Equinix. Plaintiff provides no further detail on where, when, or how these alleged defamatory statements took place. From Plaintiff's Complaint, taking all reasonable inferences in Plaintiff's favor, the Court cannot discern whether Defendants made defamatory remarks, gave personal opinions, or whether they said anything at all. *See Phillips* at 1118 ("His defamation claim . . . fails on this deficiency alone, as such scattershot and unsubstantiated allegations cannot withstand a motion to dismiss."); *see also Johnson v. U.S. Bancorp*, 2012 WL 6615507, at *5 (holding that a plaintiff provided sufficient support for a defamation claim where a plaintiff identified specific statements from particular persons and asserted the statements were false). Accordingly, the Court shall dismiss Plaintiff's defamation and defamation per se claims.

**b.    Intentional Interference with Economic Relations**

To establish a claim for intentional interference with economic relations, a plaintiff must show: (1) an existing valid contractual relationship or business expectancy; (2) defendant's knowledge of such relationship; (3) intentional interference causing breach or termination of said relationship or business expectancy; and (5) resulting damages. *See Edifecs, Inc. v. Welltok, Inc.*, 840 Fed. App'x 224, 225 (9th Cir. 2021) (quoting *Tamosaitis v. Bechtel Nat'l, Inc.*, 182 Wn.

App. 241, 327 (2014).  "The plaintiff must show that the future opportunities and profits are a reasonable expectation and not based on merely wishful thinking."  Id. at 226 (quoting *Sea-Pac Co. V. United Food & Com. Workers Loc. Union 44*, 103 Wn.2d 800, 805 (1985)).

Defendants argue that "Plaintiff does not allege that she was offered, received, or otherwise had a valid expectancy in a contract for employment that was anything other than at-will – and absent such an allegation, her claim should be dismissed as a matter of law."  Dkt. #6 at 6.  Defendants further argue that Plaintiff alleges not facts other than "conclusory allegations" that Defendants knew of her Equinix application or how Defendants interfered with Equinix's decision.  *Id*.  Plaintiff contends that she established a business expectancy because "she was a distinguished professional in the technology industry" that Equinix desired to hire, and she "alleged that she had a reasonable expectation that she would get the job."  Dkt. #8 at 8-9.

Again, the Court agrees with Defendants.  Taking all reasonable inferences in Plaintiff's favor, Plaintiff has provided facts that establish nothing more than she was in an interview process with Equinix that did not work out in her favor.  Plaintiff provides no facts showing that her prospective employment with Equinix was an established expectancy or, again, how Defendants interfered with Plaintiff's interview process.  Plaintiff's reputation and years of experience are not enough to establish this requisite business expectancy.  Perhaps Equinix changed direction and went with a different candidate, perhaps Plaintiff's former employer provided an unfavorable recommendation.  Plaintiff's Complaint provides facts with no particularity for Plaintiff's claims.  Barring facts showing otherwise, this Court cannot make the conclusory jump that Plaintiff requests and shall dismiss Plaintiff's intentional interference with economic relations claim as well.

//

//

ORDER GRANTING MOTION TO DISMISS - 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### C.      CONCLUSION

Having reviewed the relevant pleading, responsive briefings, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss, Dkt. #6, is GRANTED.  This case is CLOSED.

DATED this 13th day of August, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS - 6